El Pueblo de Puerto Rico, demandante y apelado, *v.* Ramón Almodóvar, acusado y apelante.

No. 2840.—*Visto:* Julio 19, 1926. *Resuelto:* Julio 29, 1926.

Armas—Portar Armas Prohibidas—Naturaleza del Delito en General.—La Ley No. 14 de 1924 (p. 115) no contempla la convicción y castigo de un individuo por portar meramente un arma, con la cual ha inferido una herida, desde escena del suceso hasta el cuartel de la policía, sea por iniciativa propia u obedeciendo una citación formal del jefe de la policía.

Sentencia de *Roberto H. Todd Jr.,* J. (Ponce), condenando al acusado por delito de portar armas prohibidas. *Revocada* y absuelto el acusado.

*Herminia Tormes,* abogado del apelante; *José E. Figueras,* abogado de *El Pueblo,* apelado.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Ramón Almodóvar fué convicto de portar una navaja barbera.

Con anterioridad a la fecha del juicio en el presente caso, el acusado había sido absuelto de un delito de acometimiento que se alegaba había sido cometido con la misma arma. El incidente que dió lugar a la acusación, por el delito de acometimiento parece haber ocurrido en la casa del acusado, o cerca de ella, y la teoría del caso, según se desarrolló durante el juicio, no envuelve la portación de un arma durante la pelea.

El apelante dice que tuvo noticias del cuartel de la policía de que se presentara con el arma y que mientras se dirigía a la ciudad obedeciendo esta orden, se encontró con el policía, a quien le entregó la navaja. Su declaración es corroborada por la del policía en lo que se refiere a la entrega del arma. Al ser preguntado este policía si había mandado o nó aviso a Almodóvar, contestó negativamente, pero su declaración está unida a la explicación de que se le había enviado para que practicara una investigación y parece ser claramente más bien una inferencia que un hecho.

El jefe de la policía por otra parte declaró que al ser informado de la pelea, mandó un policía para que investigara el asunto y con mucha franqueza manifiesta que no recuerda si había enviado o nó aviso al acusado con las personas que informaron acerca de la pelea.

El acusado manifestó al policía inmediatamente que se lo encontró en el camino que la navaja fué el arma con que hirió a su adversario y al llegar al cuartel hizo una manifestación similar al jefe de la policía. El hecho de que el acusado se dirigía al pueblo para entregar el arma y entregarse él mismo o por lo menos comunicar el hecho al cuartel de la policía está incontrovertido y difícilmente deja lugar a dudas.

La prueba en total no demuestra ninguna base satisfactoria para llegar a la conclusión de que el acusado en momento alguno, considerando razonablemente la prueba en general, portaba un arma como tal. La ley no contempla la

convicción y castigo de un individuo por portar meramente un arma con la cual ha inferido una herida, desde la escena del suceso hasta el cuartel de la policía, sea por iniciativa propia u obedeciendo una citación formal del jefe de la policía.   Ya dijimos al principio que la teoría del caso, según se desarrolló durante el juicio, no envolvía la portación del arma durante la pelea.

*La sentencia apelada debe ser revocada.*